UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOSEPH L. SILVERBURG**                                                                               **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:09CV-P493-R**

**TROY SEELEY et al.**                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Joseph L. Silverburg, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is currently incarcerated at the Daviess County Detention Center (DCDC), was incarcerated at the Meade County Detention Center (MCDC) from June 17, 2009, to June 30, 2009.  He sues the following in their individual and official capacities:  Troy Seeley, Jailer, MCDC; David Osborne, Jailer, DCDC; LaDonna Thompson, Commissioner, Kentucky Department of Corrections (KDOC); and Captain Billingly, Jail Captain, DCDC.  He also sues the KDOC.

Plaintiff claims that his Fourteenth Amendment rights have been violated because he has been treated differently than other state prisoners who, unlike him, are not housed in county facilities but in state facilities.

Plaintiff next alleges that Defendants Seely and Osborne have violated his Eighth Amendment rights because they are deliberately indifferent to his life and safety in that, due to overcrowding, prisoners are forced to sleep on the floor; fights break out between inmates; and

there are pests and bugs and a lack of sanitation. He also alleges that his Eighth Amendment rights have been violated because prisoners are 100% responsible for the cost of all medical services; and the overcrowded jails do not have an approved emergency fire system as required by the "Kentucky Building Code."

Plaintiff makes the following First Amendment claims against Defendant Seeley: that Defendant Seeley made a death threat and racial slurs against him after he filed a grievance concerning the jail's lack of emergency fire system and that Defendant Seeley also violated his First Amendment rights when he made a death threat and then transferred him to the DCDC in retaliation without notifying Kentucky Department of Corrections. Plaintiff alleges that Defendants Osborne and Billingly violated his First Amendment rights by threatening to put him in segregation after he asked to speak with the FBI and Kentucky State Police (KSP). Plaintiff alleges that Defendants Osborne and Billingly then made a death threat and threatened physical force when he insisted that he had a right to speak with the FBI and KSP.

As injunctive relief, Plaintiff asks that all inmates be housed in a penitentiary in accordance with the Kentucky Constitution; that MCDC and DCDC be prohibited from housing more inmates than authorized; and that they be required to conform with the Kentucky Building Code and have approved emergency fire systems installed. He also requests $100,000 from each Defendant in monetary damages and $150,000 from each Defendant in punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A.*     *Claims against KDOC and Defendant Thompson*

Plaintiff's complaint contains no allegations against these Defendants.  Some factual basis for § 1983 claims must be set forth in the pleadings.  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  The specific facts must explain how the defendant is personally responsible for the alleged injuries.  *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).  Plaintiff's complaint fails to do so.  As such, the claims against these Defendants must be dismissed for a failure to state a claim.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### *B.*     *Claims for injunctive relief from Defendant Seeley*

Plaintiff's request for injunctive relief from Defendant Seeley is moot because he is no longer incarcerated at the MCDC.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  That claim will be dismissed by separate Order.

3

### C.   *Claim that prisoners housed in KDOC facilities are treated differently*

A prisoner has no inherent constitutional right to be confined in a particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Thus, Plaintiff has no constitutional claim related to being housed in a county rather than in a state facility. *See Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in county facility was more disagreeable than if plaintiff had immediately been transferred to state facility).

### D.   *Eighth Amendment claims*

Overcrowding in a prison is not itself a violation of the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348. Plaintiff's allegations that the jails are crowded and that some inmates must sleep on the floor are not deprivations of the minimal civilized measure of life's necessities. "The Sixth Circuit has held that requiring prisoners to sleep on the floor without likewise depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level of an Eighth Amendment violation." *Eddings v. Herrington*, 4:05CV-P138-M, 2005 WL 3134045, at *5 (W.D. Ky. Nov. 23, 2005) (citing *Brodak v. Nichols*, No 97-1688, 1998 WL 553032, at *1 (6th Cir. Aug. 17, 1998)); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period). Plaintiff's allegations that fights occur between inmates because of overcrowding is purely conclusory. Moreover, he alleges no specific threat to

4

himself or claim that he was attacked. He thus fails to state a claim that his constitutional rights were violated by inmate fighting as a result of overcrowding. *See Halliburton v. Sunquist*, 59 F. App'x. 781, 782 (6th Cir. 2003).

Because sanitation is one of life's necessities and because in certain cases fire code violations may result in constitutional violations, *see Hadix v. Johnson*, 367 F.3d 513, 528 (6th Cir. 2004), the Court will allow Plaintiff's Eighth Amendment claims regarding sanitation and fire safety to go forward.

### E.     *First Amendment claims*

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff alleges that he was engaged in protected conduct – filing grievances and making complaints. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (holding that prisoner has a First Amendment right to file a grievance against prison officials and this right is protected if the grievance is not frivolous).

Plaintiff further alleges adverse actions were taken against him that would deter a person of ordinary firmness from engaging in that conduct, *i.e.*, being placed in segregation and being threatened with death and physical force. *See id.* at 416 (stating that Sixth Circuit has held that placing an inmate in administrative segregation could deter a person of ordinary firmness from

exercising his First Amendment rights); *see also Knecht v. Collins*, Nos. 96-3682, 96-3735, 96-4114, 1999 WL 427173, at *3 (6th Cir. 1999) (per curiam) (holding a reasonable jury could conclude that prison guards' acts of filing false disciplinary charges and issuing death threats were sufficient to deter a prisoner of ordinary firmness from exercising First Amendment rights); *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986) (death threat made by a prison guard in retaliation for prisoner's attempt to exercise first amendment right of access to federal courts stated a cause of action under § 1983).

Retaliation claims must include a "chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988); *Brown v. MDOC*, No. 98-1587, 2000 WL 659031, at *2 (6th Cir. May 10, 2000). The timeline of the conduct alleged in Plaintiff's complaint supports an inference of retaliation, as he alleges that, shortly after he filed a grievance and asked to speak to the FBI and the Kentucky State Police, the retaliatory conduct took place.

On initial review, the Court will allow the individual-capacity claims for damages for retaliation based on alleged threats of death, physical harm, and segregation to go forward against Defendants Seeley, Osborne, and Billingly. The Court will not allow Plaintiff's retaliation claim against Defendant Seeley based on his transfer to another facility to proceed. As already noted, a prisoner has no inherent constitutional right to be confined in a particular prison. *Olim v. Wakinekona*, 461 U.S. at 245-46. Nor does a prisoner have a retaliation claim when he is transferred from one prison to another: "[T]ransfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Smith v. Yarrow*, 78 F. App'x 529,

543 (6th Cir. 2003) (internal quotation marks and citations omitted).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims against the Kentucky Department of Corrections and Defendant LaDonna Thompson, his claims for injunctive relief against Defendant Troy Seeley, his claims under the Fourteenth Amendment that he is being treated differently than state prisoners housed in state facilities, his Eighth Amendment claims based on overcrowding, and his First Amendment retaliation claim against Defendant Seeley based on transfer to another facility.  The Court will allow the following claims to proceed:  Plaintiff's Eighth Amendment claims against Defendants Seeley and Osborne related to lack of sanitation and presence of bugs and pests and regarding fire safety and the First Amendment retaliation claims against Defendants Seeley, Osborne, and Billingly based on threats of death, physical harm, and segregation.  In allowing these claims to go forward, the Court expresses no opinion on the ultimate merit of these claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
        Meade County Attorney
4413.009