# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:09CV-P493-R

JOSEPH L. SILVERBURG                                             PLAINTIFF

VS.

TROY SEELEY, JAILER
and
DAVID OSBORNE, JAILER
and
CAPT. BILLINGLY                                                 DEFENDANTS

## MEMORANDUM OPINION

Defendants have filed a motion for summary judgment (DN 48). Plaintiff has filed a response (DN 54). Defendants have filed a reply (DN 55). Accordingly, this matter is ripe for adjudication and the motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff was incarcerated at the Meade County Detention Center from June 17, 2009 until June 30, 2009. After that, Plaintiff was transferred to the Daviess County Detention Center ("DCDC") and incarcerated there from June 30, 2009 to August 11, 2009. At both locations, Plaintiff alleges that he observed pests, resulting in unsanitary conditions. Plaintiff also states that he observed an inadequate and unsafe fire system in both facilities. These complaints form the basis of Plaintiff's Eighth Amendment claims.

Plaintiff also states that he was threatened in response to his continued grievances and requests to speak with the Federal Bureau of Investigation ("FBI") and the Kentucky State Police ("KSP"). Plaintiff states that Defendant Seeley at the MCDC threatened to put Plaintiff in

segregation if he continued to file grievances. Plaintiff states that Defendants Osborne and Billings[1] at DCDC threatened to have Plaintiff placed in segregation if he continued to request to speak with the FBI and KSP. Additionally, Plaintiff states that Defendants Osborne and Billings also threatened the use of a TASER and other physical force.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir.

---

[1]Styled by Plaintiff as Billingly

2

1996).

## ANALYSIS

Plaintiff has filed both First and Eighth Amendment claims.

## I. Eighth Amendment Claims

In this case, "to succeed in an Eighth Amendment challenge, Plaintiff must establish that (1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

### a. Fire Sprinklers

Plaintiff alleges that there are no fire sprinklers in inmates individual jail cells and that the lack of sprinklers is a violation of the Kentucky Building Code. Plaintiff states that the lack of sprinklers and the resulting violation of the Kentucky Building Code is a constitutional violation.

The Sixth Circuit has concluded that "prisoners have the right not to be subjected to the unreasonable threat of injury or death by fire." *Id.* (internal edits and citations removed). In this case, Plaintiff has failed to create an issue of fact as to whether there is an unreasonable threat of injury or death by fire. Plaintiff has cited the following requirements as those violated by the DCDC and MCDC fire suppression systems:

> (4) In each area where a prisoner may be confined, there shall be an emergency smoke control system activated by smoke detectors and operated by emergency power. Inspection and testing of the smoke control system shall be conducted by a qualified person at least annually. (5) Each jail shall have an approved fire alarm and smoke detection system. (6) Each direct supervision area shall have an approved fire-suppression system."

DN 54-2, pg. 6.² Plaintiff implies that section (6) requires individual sprinklers. However, section (6) only requires an approved fire suppression system. Nothing specifically requires that cells have individual sprinklers. The actual requirements of section (6) have been complied with. Both jails are subject to inspections at least yearly. Both jails passed their inspections. Plaintiff has submitted no evidence that a reasonable fire suppression system requires sprinklers in every cell. Accordingly, Plaintiff has submitted no evidence of an unreasonable threat of injury or death by fire. In addition, Plaintiff has submitted no evidence of a factual dispute, since Plaintiff's observations can be accurate and the jails can still be in compliance with the appropriate code and constitutional requirements. Accordingly, summary judgment is granted on this claim.

**b. Pests**

Plaintiff alleges that a pest problem at both jails resulted in unsanitary conditions that violated Plaintiff's Eighth Amendment rights. Under the Eighth Amendment, "conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A condition must be cruel and unusual under the contemporary standards of decency to warrant invoking the Eighth Amendment. *Id.* Temporary inconveniences are generally insufficient. *Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff's claim must fail on two grounds. First, the presence of pests at a jail facility does not involve the "wanton and unnecessary infliction of pain." Similarly, the presence of pests is not so abhorrent to contemporary standards of decency as to be repugnant to the Eighth Amendment.

---

²Because Plaintiff submitted only one page containing the cited provisions, it is unclear, exactly, what document these requirements are from.

*Accord id.* (flooded cell and non-functioning toilet do not result in Eighth Amendment claims); *Moulds v. Bullard*, 345 Fed. Appx. 387, 393 (11th Cir. 2009) (alleging general unsanitary conditions insufficient, plaintiff must show "extreme" conditions that pose a risk to plaintiff's health.). As a result, Plaintiff's claim fails to meet the requisite objective standard under the Eighth Amendment.

Plaintiff also fails to meet the required subjective standard. Plaintiff submitted evidence that MCDC contracted with Terminix to control insects at the jail (DN 54-1, pg 5).[3] Terminix evaluated the facility and treated it for the area's target pests. Given that prison officials were responding to any pest infestation that may have been present, they clearly were not acting with a 'sufficiently culpable state of mind.'

## I. First Amendment Claims

The first requirement for any claim is standing. To demonstrate standing, Plaintiff must suffer an injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In a First Amendment retaliation claim, the retaliation itself is the injury suffered by the plaintiff. *Id.* "For Article III standing purposes, then, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (internal quotations removed). Plaintiff fails to meet standing requirements in the current case. Plaintiff suffered no actual retaliation; rather, Defendants only allegedly threatened to inflict physical injury on him as a result of his grievances. This fails to fulfill the standing requirement of a retaliation claim.

Plaintiff's claim may, perhaps, have been intended as a denial of access claim rather than a

---

[3]No similar contract was provided for DCDC. However, as discussed above, Plaintiff has failed to demonstrate that a pest infestation rises to the level of an Eighth Amendment claim.

5

retaliation claim. *See, e.g.*, *Walker v. Mintzes*, 771 F.2d 921, 932 (6th Cir. 1985). Because Plaintiff states that Defendants threatened him not for his past grievances, as would be proper for a retaliation claim, but for any future grievances he was contemplating, such an analysis is more appropriate. Plaintiff, however, offers no evidence that he was ever deprived of his right to files grievances or access the courts or other agencies. Accordingly, because "a threatened deprivation of a right is insufficient to allege a constitutional violation," summary judgment must be granted. *Brower v. Works*, 41 Fed. Appx. 802, 803 (6th Cir. 2002) (citing *Macko v. Byron*, 760 F.2d 65, 97 (6th Cir. 1985)); *Adams v. Leaman*, No. 97-5840, 1998 WL 466483 (6th Cir. July 31, 1998) (appropriate to dismiss a claim when the sole factual allegations are that "something might happen" to an inmate who continues to file grievances.); *Bomar v. Hatcliff*, Nos. 85-5422, 85-5423, 1986 WL 17215 (6th Cir. June 10, 1986) (threats of discipline if an amended complaint is filed "do not constitute actual deprivations of the plaintiff's constitutional rights."); *Gillan v. Edwards*, No. 84-1467, 1985 WL 12799 (6th Cir. Nov. 4, 1985) ("Threats and intimidation designed to prevent the filing of administrative grievances do not allege actual infringement of a constitutional right."). Given that Plaintiff proceeded to file the instant case after the threats, it is also clear that any threat resulted in no actual constitutional deprivation.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is GRANTED.

An appropriate judgment will issue.

IT IS SO ORDERED.